## HARVEY *v.* HIGHSMITH *et al.,* executors.

HILL, J. To the petition in this case the defendants filed a demurrer. Plaintiff filed an amendment before the hearing on the demurrer, and on the hearing the court made an order overruling the general demurrer (to which ruling no exception was filed), and also certain grounds of the special demurrer, and sustaining certain grounds of the special demurrer, with the privilege of amendment. The defendants then filed their general and special demurrers to the petition as amended; and the plaintiff again amended his petition in order to meet the special demurrers sustained, with privilege of amending. The defendants then made a motion to dismiss the petition as amended, and the court sustained the motion and dismissed the case. To this order the plaintiff excepted. *Held,* that the amendments substantially met the special demurrers, and the court erred in dismissing the case on motion.      *Judgment reversed. All the Justices concur.*

No. 5506. NOVEMBER 24, 1926. REHEARING DENIED DECEMBER 20, 1926.

Equitable petition. Before Judge Strange. Bryan superior court. May 3, 1926.

Elliot Harvey filed a petition against J. L. Highsmith et al., as executors of the last will and testament of Mary Jane Harvey, deceased, and alleged as follows: During the life of Mary Jane Harvey she made a contract with plaintiff, her son, on or about February 27, 1911, on which date he became of age, to the effect that if he would continue to live with her upon the premises she resided upon, look after the stock, as well as "run" the farm, she would give him the sum of $4,000 over and above his portion of her estate. Relying upon this promise, he went upon the premises and devoted his entire time to enhancing and increasing the value of her estate in an amount in excess of $15,000, in addition to preserving the corpus of the estate and providing a living for her; by reason of which she was not compelled to encroach upon any of her property or estate. In fulfillment of her promise, and to make sure that he would receive the sum of $4,000, she made application for and procured a life-insurance policy in the Penn Mutual Life Insurance Company of Philadelphia, for the amount

---

Executors and Administrators, 24 C. J. p. 842, n. 93.

of $4,000, payable to plaintiff. This policy was exhibited to plaintiff by Mary Jane Harvey; and he continued to perform the services as set out above, resting in the assurance that the promise as made would be fully performed. The services performed by plaintiff were "running" the farms, looking after a large number of cattle, and selling them; and in addition to exercising a supervision of the property, plaintiff constantly performed daily labor for Mrs. Harvey. He did not know that the beneficiary under the insurance policy had been changed until after the death of Mrs. Harvey, and her will had been probated. During the year 1920 she surrendered her life-estate in the land and properties left under the will of J. B. Harvey, deceased (a copy of which will was attached), and terminated plaintiff's services, after he had labored for more than nine years; but he still believed and was advised that the policy hereinbefore mentioned was still his, and that he was entitled to the benefits thereunder. On March 28, 1923, Mrs. Harvey executed an assignment of the insurance policy (a copy of the assignment being included in the petition) "to my executors, administrators, and assigns." Plaintiff's services for the years 1911 to 1920, inclusive, were worth far in excess of the amount of the policy; and he asks that $4,000 be allowed him, in view of the fact that the policy, which was in truth his property, was converted and added to the corpus of the estate of Mrs. Harvey, now in the hands of her executors. The prayers of the petition are: (a) that process issue, etc.; (b) that petitioner recover of defendants $4,000, in conformity with the contract as alleged.

General and special demurrers were filed. The general demurrer was overruled, and to this ruling there is no exception. The judge sustained grounds 6, 7, and 8 of the special demurrer, with leave to amend. These grounds are as follows: (a) The contract sought to be set up is too vague, indefinite, and uncertain to be made the basis of a recovery. (b) It is not alleged what services petitioner was to render, the nature and extent of such services, nor the period through which such services were to extend. (c) It is not alleged when, how, and in what manner said sum of $4,000 was to be paid. (d) It is not alleged what specific services were performed by the petitioner, resulting, as he claims, in enhancing and increasing the value of said estate, preserving the corpus, etc.

(e) The allegation as to enhancing and increasing the estate is a mere conclusion of the pleader, without any facts stated to support it. (f) The allegation that Mary Jane Harvey "as a fulfillment of her promise, and to make sure your petitioner would receive the sum of $4,000," made application for and secured the certain policy of insurance described is a mere conclusion of the pleader, so far as it concerns the purpose and intent of Mary Jane Harvey in the premises, no fact being alleged to show what might or might not have been her purpose in this regard, and no fact being alleged to show that she ever promised or agreed to insure her life in favor of the petitioner in the sum stated, or in any other sum, or that she was under any obligation so to do.

Plaintiff filed an amendment as follows: "That the services performed as aforesaid by your petitioner were upon the farms known as the Jefferson old place and upon the P. W. Williams farm and upon the home place of J. B. Harvey, deceased, all of said farms lying in the 1380th G. M. district of Bryan County, Georgia, and being the land farmed by the said Mary Jane Harvey during the years 1911 to 1920 inclusive, and being the land left by the late J. B. Harvey to the said Mary Jane Harvey for and during her natural life. Petitioner's services being terminated by the said Mary Jane Harvey upon her voluntary surrender of the premises in the year 1920 and after your petitioner had labored for her for nine (9) years. Petitioner received no compensation other than the promise of the said Mary Jane Harvey to give him the sum of $4,000 over and above his share in her estate, which said sum was to be paid from the estate of Mary Jane Harvey at her death, and to insure the payment of the sum the said Mary Jane Harvey secured the policy aforesaid in the sum of $4,000 to make certain that your petitioner would receive the amount. . . The services rendered by your petitioner were farming, that is, plowing, planting, harvesting, and marketing the crops, supervising the labor, dividing the crops raised upon the farms between tenants and the said Mary Jane Harvey, caring for the stock, feeding them during the hard season, disposing of the marketable cattle, and such other and further acts as were necessary to conserve and preserve the interest of the properties of the said Mary Jane Harvey. . . That said policy as hereinbefore mentioned was secured by the said Mary Jane Harvey, in which your petitioner

was then and there made beneficiary, to make sure that at the time of her death he would receive the amount of $4,000, which said sum Mary Jane Harvey promised and agreed to give him for his services as aforesaid."

After the above amendment was allowed, the defendants made a motion to dismiss the petition, on the ground that the amendment did not meet said grounds of demurrer sustained by the court. This motion was sustained, and the exception is to this judgment.

*J. P. Dukes,* for plaintiff. *George S. Cargile,* for defendants.