HARVEY *v.* HIGHSMITH *et al.,* executors.

There being no evidence supporting the allegations, a nonsuit was not erroneous.

No. 5936. NOVEMBER 18, 1927.

Action for specific performance. Before Judge Daniel. Bryan superior court. February 7, 1927.

*J. P. Dukes,* for plaintiff.

*George S. Cargill,* for defendants.

GILBERT, J. Elliott Harvey sued the executors of his mother's estate, alleging that he and his mother, on or about February 27, 1911, entered into a contract to the effect "that if petitioner would continue to live with her upon the premises that she resided upon, look after the stock, consisting of cattle, hogs, and farm stock, as well as run the farms, that she would give the petitioner the sum of $4000 over and above his portion of her estate." He alleged that he had fully performed his agreement; that his mother died in 1925; that under said contract the executors were due him $4000, which they refused to pay, that his mother, "as a fulfillment of her promise and to make sure that your petitioner would receive the sum of $4000, made application for and secured a life-insurance policy in the Penn Mutual Life Insurance Company, of Philadelphia, number 559377, for the amount of $4000, payable to your petitioner." For a complete statement of the allegations reference may be had to a former report of the case. *Harvey* v. *Highsmith,* 163 *Ga.* 288 (136 S. E. 81). Following introduction of evidence by plaintiff, the court granted a nonsuit.

1. The court did not err in directing a nonsuit. The petition alleges a contract whereby the mother was to pay petitioner, under the above-stated conditions, "$4000 over and above his portion of her estate." There is no evidence to support this allegation.

2. Nowhere in the petition is it alleged that the mother agreed as a part of the contract that she would insure her life for the benefit of the plaintiff, or that the proceeds of the policy actually taken out should become his property. Properly construed, the petition alleges that the mother took out the insurance subsequently to the making of the agreement, and "as a fulfillment of

Executors and Administrators, 24 C. J. p. 876, n. 37.

her promise and to make sure" that petitioner would receive said amount.

3. The policy provided that the insured had the right to change beneficiaries. It was dated June 12, 1911, and named Elliott Harvey as beneficiary. On March 18, 1914, the insured so changed the beneficiary that Elliott should receive half of the proceeds of the policy and that the other half should be divided between her son, Willie C., and her daughter, Polly. On March 28, 1923, the insured again changed beneficiaries by providing that the proceeds should be paid to "my executors, administrators, and assigns." She died in 1925, leaving a will under the second item of which there was a legacy of $2000 to Elliott, which sum he received. He was named as executor, and qualified.

*Judgment affirmed. All the Justices concur.*